{¶ 86} I concur with the majority but write separately on assignment of error no. 2 only to emphasize that this analysis is done on a case-by-case basis. Certainly a trial judge has the inherent right to control his/her courtroom and the conduct of those within it. I believe the trial judge in this case had good cause for concern about the future conduct of the defendant in this case despite the assurances of defendant. However, when balancing those concerns, the effect on the victim, and the potential for a second mistrial against defendant's fundamental constitutional right to be present in the courtroom and face his accusers, the court must err on the side of the constitutional protection in this case. This does not suggest that the court cannot impose safeguards to protect the integrity of the trial, short of exclusion of the defendant. The court has several alternative safeguards. The court could continue the trial with the defendant present and upon any further inappropriate conduct or comments by the defendant, find him in contempt and incarcerate him until such time as he complies with the dictates of the court. In addition or alternatively, the court could segregate the defendant within the courtroom in an area where the defendant has the ability to see and hear the testimony of the witnesses and communicate with counsel, but limits his ability to disrupt the trial. Some courtrooms have available a glassed-in area where the defendant can be isolated for purposes of protection against communicable diseases or disruptive behavior.
 {¶ 87} Based upon the facts of this case, I concur with the majority that the trial court improperly excluded defendant from the courtroom.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed and the case is remanded to the trial court for further proceedings in accord with law and consistent with this opinion.